UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br><br>        Plaintiff,<br><br>   v.<br><br>HOSPITAL COURIERS NEVADA LLC,<br><br>        Defendant. | Case No. 4:18-cv-06225-KAW<br><br>**SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT**<br><br>Re: Dkt. Nos. 1, 5 |

On October 11, 2018, Plaintiff Troy King filed this civil action and application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 4.) On October 26, 2018, the Court granted Plaintiff's IFP Application. (Dkt. No. 5.) The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

## I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the

complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.    DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to be alleging all state law claims because out of a total of eight causes of action, the first five are brought under the California Fair Employment & Housing Act ("FEHA") (California Government Code § 12900, *et seq.*), and the last three claims are brought under California Labor Code § 1102.5(c) (Sixth Cause of Action), California Business and Professions Code § 17200 (Seventh Cause of Action), and the California common law tort of defamation (Eighth Cause of Action). (Dkt. No. 1.) Therefore, because all eight causes of action in Plaintiff's Complaint are state law based, Plaintiff's Complaint lacks any federal question

jurisdiction under 28 U.S.C. § 1331. Moreover, because Defendants Hospital Couriers Nevada, LLC and Does 1-20 are not specified as being entities or citizens of States other than California (and Hospital Couriers Nevada, LLC is mentioned as a "limited liability corporation doing business in the County of Contra Costa, State of California"), and the amount in controversy is not specified as exceeding the value of $75,000, Plaintiff's Complaint lacks a clear basis for diversity jurisdiction under 28 U.S.C. § 1332 as well.

Thus, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

### III.    CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2).  Thus, Plaintiff must provide the legal and factual basis for all claims, and must do so by filing an amended complaint by **January 25, 2019**.  If Plaintiff fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that the complaint be dismissed.

In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case.  This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

IT IS SO ORDERED.

Dated: January 4, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3